UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRANDON PELLEGRIN**                         **CIVIL ACTION**

**VERSUS**                                    **NO. 14-2161-MVL-SS**

**MONTCO OILFIELD CONTRACTORS, LLC**

## ORDER

DEFENDANTS' MOTION TO STRIKE (Rec. doc. 119)

**GRANTED IN PART AND DENIED IN PART**

The plaintiff, Brandon Pellegrin ("Pellegrin"), alleges that he contracted bacterial meningitis while employed on a vessel owned by one of the defendants. Rec. doc. 1. Pellegrin has amended his complaint six times. Rec. docs. 7, 19, 42, 69, 89 and 113. The trial is set for March 14, 2016. Rec. doc. 106. This is the third setting. Rec. docs. 6, 30.

Two of the defendants, Montco Offshore, Inc. and Montco Oilfield Contractors, LLC (collectively "Montco"), seek an order striking Pellegrin's vocational rehabilitation expert, Elizabeth Martina. In the alternative, Montco requests that Ms. Martina be ordered to submit for the remainder of her deposition and that a reasonable fee be set for her deposition. Montco also seeks attorneys' fees and costs. Rec. doc. 119. Pellegrin opposes the motion and requests that Ms. Martina be compensated based on Bauer & Associates, Inc.'s deposition fee. Rec. doc. 121. Houston Casualty Company ("Houston Casualty") submitted a memorandum supporting Montco's motion. Rec. doc. 122. Montco did not submit a reply.

The facts are:

1. Elisabeth B. Martina is a licensed vocational rehabilitation counselor, a certified rehabilitation counselor, and a certified life care planner.[1]  Martina Deposition at 6. She has a masters of health sciences.  Id. at 7.  She has been employed by Bauer and Associates for more than nine years.  Id. at 8.

2. Pellegrin was sent by his counsel to Ms. Martina for an evaluation.

3. Ms. Martina prepared a report dated May 14, 2015.  Martina Deposition at 6.

4. On September 18, 2015, Montco noticed the deposition of Ms. Martina for October 27, 2016 at 1:00 p.m.  Rec. doc. 121 (Exhibit A).

5. On September 22, 2015, Bauer and Associates faxed a letter to counsel for Montco. The second paragraph of the letter provides:

    > Our fee for a deposition is $1000.00 for the first hour and $250.00 each 15 minutes beyond the initial one hour block.  The initial fee is due in our office at least forty-eight (48) hours prior to the deposition. Additional charges are due prior to any testimony provided; please bring an additional check if there is a possibility for the deposition to go over one hour.

    Rec. doc. 121 (Exhibit B).

6. Bauer & Associates charges $225.00 per hour for all work except depositions.  Martina Deposition at 16-17.

7. Prior to the deposition, counsel for Montco sent Ms. Bauer's office a check for $1,000.00.  Martina Deposition at 69 and 71.  Counsel for Montco paid the $1,000.00 because Ms. Martina would not appear without the payment.  Martina Deposition at 76.

---

[1] Portions of the incomplete deposition of Ms. Martina were attached as Exhibit 1 to Montco's motion.  Rec. doc. 119 (Exhibit).  Hereafter, it is referred to as Martina Deposition at ____.

8. At 2:00 p.m., Ms. Bauer entered the deposition room and requested a blank check for the continuation of the deposition. Martina Deposition at 64.

9. At the deposition, counsel for Montco could not remember whether he saw or read the September 22, 2015 letter. Martina Deposition at 84-85 and 88.

10. The additional fee sought by Ms. Bauer was disputed. The parties were unable to resolve the matter, so the deposition was terminated. Martina Deposition at 89.

The discovery deadline in this action is December 21, 2015. The pretrial conference is set for February 18, 2016. The trial is set for March 14, 2016. Written reports of experts for Pellegrin were due on October 22, 2015. The reports for defendants' experts were due on November 23, 2015. Rec. doc. 106.

Montco argues that: (1) the fact that a check for $1,000.00 was sent to Bauer & Associates prior to the deposition is not an acceptance of the terms of the September 22, 2015 letter; (2) the demand for a blank check after one hour of Ms. Martina's deposition was unreasonable; and (3) the fee sought by Bauer & Associates for the deposition is unreasonable. Montco, however, does not present any evidence of deposition fees charged by other vocational rehabilitation experts.

Houston Casualty argues that: (1) Fed. R. Civ. P. 26(b) does not require prepayment of the expert's fee to testify at a deposition; (2) it is unreasonable to stop the deposition and demand a blank check; (3) if Pellegrin intends to call Ms. Martina as an expert, he should produce her for the conclusion of her deposition without prepayment or a blank check; and (4) the Bauer & Associates deposition fee is unreasonable. Houston Casualty argues that the deposition rate should be limited to no more than $225.00 per hour, the rate charged by Bauer & Associates for all work but depositions. Houston Casualty does not present any evidence of deposition fees charged by other vocational rehabilitation experts.

Pellegrin argues that under Louisiana law defendants consented to the terms of September 22, 2015 letter and were required to provide the blank check when the deposition went beyond one hour. He also urges that the Bauer & Associates deposition fee is reasonable. Pellegrin submits "redacted fee schedules for two other vocational rehabilitation counselors in Louisiana. . ." Rec. doc. 121 at 5. The deposition fee for one is $975.00. Prepayment is required. If the deposition exceeds one hour, additional charges are pro-rated at tenths of an hour at the $975 rate. The additional charges are billed, due and payable within five working days. A "blank check" is not required to extend the deposition. Rec. doc. 121 (Exhibit D – first page). The second example counselor charges up to $900 for a deposition up to two hours. Beyond two hours the charge is $100 per 15 minute increment. Pellegrin contends that Montco is at fault for the disruption of the deposition, and the request for sanctions should be denied.

Pursuant to Fed. R. Civ. P. 26(b)(4)(E)(i),

> Unless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A). . ."

Id.

> The court must impose on the party seeking expert discovery of a testifying expert the reasonable expert fees incurred in responding to the discovery unless manifest injustice would result. For a deposition, the fee normally includes compensation for time testifying and may or may not include preparation time.

Baicker-McKee, Janssen and Corr, Federal Civil Rules Handbook ("Baicker-McKee") Rule 26 at 770 (2011).

The September 22, 2015 letter from Bauer & Associates clearly set forth the expert's understanding of the fee to be charged for her deposition and the need for a "blank check" if the deposition went beyond one hour. The letter was addressed to counsel for Montco. Someone in his office processed the letter, as a check for $1,000.00 was presented to Bauer & Associates in

4

advance of the deposition. Presumably the person processing the $1,000.00 check payment was also aware of the charge for continuing the deposition beyond one hour. The Bauer & Associates letter was dated September 22, 2015, so there was ample opportunity for Montco to resolve the issue before the October 27, 2015 deposition.

The termination of the deposition followed by a motion to the Court was the most inefficient remedy available to the parties. "[I]f the expert charges more than a 'reasonable' fee, the party retaining that expert must pay over and above the 'reasonable' for that witness' deposition by an adversary." Baicker-McKee at 770. If the deposition fee charged by Bauer & Associates is determined to be unreasonable, the excess fee is Pellegrin's responsibility. Pellegrin's refusal to conditionally accept responsibility for the excess fee has caused a delay in completing expert discovery.

The refusal of Bauer & Associates to allow the completion of the deposition pending judicial resolution of the reasonableness of the fee was not helpful. The logical thing for the parties and Bauer & Associates to do was complete the deposition with all parties and Bauer & Associates reserving their rights.

The only party to submit evidence of what rehabilitation experts charge for depositions is Pellegrin. Why Montco filed a motion challenging the reasonableness of the fee sought by Bauer & Associates without any evidence of what other rehabilitation experts charge for depositions is not clear.

Montco's request to strike Ms. Martina as an expert is denied.

The conclusion of Ms. Martina's deposition shall be rescheduled at a time that is convenient to counsel and Ms. Martina and shall be completed no later than December 31, 2015.

The court reporter shall maintain a record of the start time and end time of the conclusion of the deposition.

The hourly rate to be paid by defendants for the conclusion of the deposition is $500.00. If the deposition is concluded in less than 15 minutes, the charge shall be $125.00. If it is concluded after more than 15 minutes but less than 30 minutes, the charge shall be $250.00. If it is concluded after more than 30 minutes but less than 45 minutes, the charge shall be $375.00. If it is concluded after more than 45 minutes but less than 60 minutes, the charge shall be $500.00. The charge for any additional time required to complete the deposition beyond 60 minutes shall be determined in quarter hour increments as above.

**Within five working days of the conclusion of the deposition**, Montco shall deliver to Bauer & Associates a check in payment of the charges for the conclusion of the deposition.

If Bauer & Associates charges more to complete the deposition than the amounts set forth above, the excess charge is the responsibility of Pellegrin.

Montco's request for attorneys' fees and costs is denied.

IT IS ORDERED that Defendants' motion to strike or, in the alternative to compel attendance and set reasonable fee (Rec. doc. 119) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 30th day of November, 2015.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**